White, J.
The principal question arising in this case, is whether the Superior Court had jurisdiction in the several ■suits instituted against the steamboat Melnotte, under the water-craft law of this state. Several of these suits are conceded to be founded on maritime contracts; others were brought to recover for supplies furnished to the boat at Cincinnati, which is claimed to be her home port. Of the latter class, is the case of N. M. Elo'rer, on whose judgment the execution was issued under which the boat was sold.
The boat was enrolled at the port of Cincinnati, and at the time the several causes of action accrued she was owned by John B. Taylor and Preston Conway, the former of *394 whom resided in Covington, Kentucky, and the latter in Rising Sun, Indiana.
The case has been elaborately argued • but we deem it unnecessary to review the numerous cases cited by the respective counsel. We shall content ourselves, mainly, with stating the conclusions at which we have arrived, as bearing upon the determination of the case before us. These-conclusions are clearly supported by the authorities, and determine the present case. They are as follows:
1. A lien exists, under the maritime law, for supplies furnished to a vessel in the port of the state in which her owner does not reside.
2. A suit in rem against the vessel to enforce such lien, can not be maintained in a state court, the exclusive jurisdiction in such case being vested in the courts of the United States.
3. Eor the purpose of ascertaining whether such lien exists, the home port of the vessel is to be determined by the residence of the owner, and not by the place of her enrollment.
4. Where a vessel, as in this ease, was furnished with supplies at the port of Cincinnati, the place of her enrollment, no owner residing in this state, the right to assert a maritime lien against the vessel for such supplies, is not. affected by the fact that one of the owners of the vessel resided in the adjoining city of Covington, in the State of Kentucky.
The proximity of the residence of the owner, will not rebut the presumption that the supplies were furnished on the credit of the vessel, when to deny the lien would be to require the the material-man to seek his remedy in personam, in a foreign jurisdiction.
5. Where a judicial sale has been made on void process, the court may, while the purchase money remains in the-hands of the sheriff, on the application of the purchaser, set aside the sale, and order the purchase money to be refunded.
It is claimed, however, that the order setting aside the *395 sale, and directing the return of the purchase money is. erroneous, because of the attachments that had been levied on the boat. There were three suits in attachment, instituted respectively by Johnson & Co., Warden, Rensford & Co., and Witte & Co. The amount of the judgment recovered by Warden, Rensford & Co., was $127.84. The amount of the judgments in the other cases does not appear from the record; nor are Johnson & Go. parties to this proceeding in error. The attachments were levied on a barge as well as on the steamboat. The barge was sold under the order of sale issued in the case of Warden, Rensford & Co., for $400. This money was returned by the sheriff, as subject to the order of the court, and was, for aught that appears by the record, more than sufficient to satisfy the attachments. We are not called on, therefore, by this case, to determine, whether the attaching creditors would have had the right, under other circumstances, to. resist the refunding of the purchase money.

Judgment affirmed.

McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., con curred.